ALBERT O. BRIGGS, Appellant, *v.* HARVEY AUSTIN, Respondent.

In the absence of an agreement between the parties to a lease of agricultural lands, vesting the title to the hay produced thereon in the lessor, as security for rent, or for any other purpose, the law vests it in the lessee.

An agreement by the lessee in such a lease, to maintain upon the premises demised, certain cows belonging to the lessor, is an independent stipulation and does not affect the right of the lessee to sell the hay thereon, even if he be insolvent.

A general creditor having no judgment, cannot maintain an action to set aside a conveyance by his debtor in fraud of the rights of creditors.

(Argued October 28, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 3, 1891, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought to set aside as fraudulent a chattel mortgage executed by the defendant Ely D. Austin, to the defendant Harvey Austin, and to restrain defendants from removing hay and grain from the premises.

It appeared that on February 1, 1887, plaintiff leased to said Ely D. Austin for one year a farm with certain stock, the lease containing among others the following provisions: "The butter made on the place is to belong to and be the property of the said party of the first part until the rent is paid. The party of the second part agrees to keep the cows in good condition to grass in the spring of 1888. The party of the second part is to have all the straw on the place and one-half of the grain now (at the date of making said lease) on the place, except three bushels of wheat and two loads of straw, and party of the first part is to have title to said grain until the rent is paid."

The lessee in May following executed to said Harvey Austin a chattel mortgage covering "all the hay, grain and grass growing or standing on said farm."

*R. M. Townsend* for appellant. The appellant has the right to invoke the equitable arm of the court to restrain the impleaded defendant, and was entitled to his day in court. (*Clarkson* v. *Depeyster*, 3 Paige, 320 ; *Stowell* v. *Haslett*, 5 Lans. 382 ; *Stewart* v. *Beal*, 7 Hun, 405 ; 68 N. Y. 629 ; *Stiffen* v. *Stiffen*, 4 Daly, 188 ; *Gilbert* v. *Mickle*, 4 San. Ch. 357.) Both the defendants were irresponsible, and the plaintiff had no adequate remedy at law. The injury threatened was irreparable, and the courts will interfere in such a case. (*Ganse* v. *Perkins*, 3 Jones' Eq. 177 ; *Ernhardt* v. *Boars*, 113 U. S. 539.)

*Burr Mattice* for respondent. The plaintiff is not in a position to assail plaintiff's mortgage. (*Briggs* v. *Austin*, 29 N. Y. S. R. 245.) Under the contract or lease in question, the title to the hay raised on the demised premises was in the tenant ; and the plaintiff, the landlord, had no right, title or interest in or lien upon the same. (*McCombs* v. *Becker*, 5 T. & C. 550 ; 3 Hun, 342 ; *Johnson* v. *Crofoot*, 37 How. Pr. 59 ; *Hawkins* v. *Giles*, 12 N. Y. S. R. 426.) The plaintiff cannot maintain this action against the defendant Harvey Austin to set aside this chattel mortgage, for the reason that before the plaintiff can assail the mortgage he must not only be a judgment creditor, but must have exhausted his remedy at law, or he must be a subsequent purchaser or incumbrancer. (*Alger* v. *Thurston*, 53 N. Y. 622 ; *Estes* v. *Wilcox*, 67 id. 264 ; *Evans* v. *Hill*, 18 Hun, 464 ; *Adsit* v. *Sanford*, 23 id. 45 ; *Adsit* v. *Butler*, 87 N. Y. 585 ; *Lichtenburgh* v. *Herdfelter*, 38 Hun, 57 ; *Sullivan* v. *Miller*, 106 N. Y. 635.) An action of this character can only be maintained to set aside a prior lien as fraudulent to the alleged title to the plaintiff, and not to set aside a lien subsequent to the title which he claims. (*Bockes* v. *Lansing*, 13 Hun, 38 ; 74 N. Y. 437 ; *Carpenter* v. *Osborn*, 102 id. 552 ; *McMahon* v. *Allen*, 35 id. 403 ; *King* v. *Wilcox*, 11 Paige, 589.) No evidence was given upon the trial, therefore no findings of fact were needed ; the pleadings contained them. The remedy for such omission is by motion

at Special Term for new trial and not by appeal. (*Eaton v. Wells*, 82 N. Y. 576.)

*Per Curiam.* The complaint was dismissed upon the opening of counsel for the plaintiff, wherein the plaintiff confined his claim for relief to a demand for an injunction restraining the defendant from taking possession of the hay grown on the premises, under a chattel mortgage executed to him by the lessee of the farm. The plaintiff alleged in his complaint that by the lease the title to the hay grown on the farm was to be in the plaintiff until the rent should be paid, and further, that the defendant's mortgage was fraudulently executed by collusion between the tenant and the defendant mortgagee, to deprive the plaintiff of his title to the hay. There are two insuperable obstacles to the plaintiff's recovery. The lease does not vest the title to the hay produced on the farm in the plaintiff, as security for the rent, or for any other purpose, and the law, in the absence of an agreement to that effect, vests it in the lessee. The agreement of the latter to maintain the cows was an independent stipulation which he was bound to perform, and the sale of the hay did not disable him from performing, however unlikely performance might be after selling the hay, in view of the lessee's insolvency. But a sale of the hay by the tenant was not in violation of any contract with, or of any legal right of the lessor.

*Second.* The plaintiff is not in a position to assail the validity of the mortgage as a creditor of the mortgagor. He at most has a debt against the mortgagor for unpaid rent or any violation of the terms of the lease, which claim has not gone into judgment, and it is well settled that a general creditor having no judgment cannot maintain an action to set aside a conveyance by his debtor in fraud of the rights of creditors. (*Sullivan* v. *Miller*, 106 N. Y. 635.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.