THE STATE OF RIO DE JANEIRO, Appellant, *v.* E. H. ROLLINS & SONS, INCORPORATED, et al., Respondents.

Argued May 26, 1949; decided July 19, 1949.

*Wilmurt B. Linker, Ramon Siaca* and *James Harper, Jr.,* for appellant. I. Even if the recovery of a judgment by plaintiff against Old Rollins is barred by the six-year Statute of Limitations, the enforcement of its equitable rights against New Rollins is not barred. (*Hulbert* v. *Clark,* 128 N. Y. 295; *Albany N. R. Iron & Steel Co.* v. *Southern Agric. Works,* 76 Ga. 135; *American Sur. Co.* v. *Conner,* 251 N. Y. 1; *Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Buttles* v. *Smith,* 281 N. Y. 226; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.,* 270 N. Y. 86; *Northern Pacific Ry.* v. *Boyd,* 228 U. S. 482; *House* v. *Carr,* 185 N. Y. 453.) II. The trial court erred in holding that plaintiff did not have an enforcible claim against Old Rollins at the time this suit was instituted. (*Rogers Locomotive & Mach. Works* v. *Kelley,* 88 N. Y. 234; *Schneider* v. *National City Bank of N. Y.,* 180 Misc. 426, 272 App. Div. 1000; *Sayer* v. *Wynkoop,* 248 N. Y. 54; *Shawmut Corp.* v. *Bobrick Sales Corp.,* 260 N. Y. 499; *Genesee Wesleyan Seminary* v. *United States Fidelity & Guar. Co.,* 247 N. Y. 52; *American Sugar Refining Co.* v. *Fancher,* 145 N. Y. 552; *President & Directors of Manhattan Co.* v. *Newberry,* 265 N. Y. 588; *Ochs* v. *Woods,* 221 N. Y. 335; *Matter of Pirie,* 198 N. Y. 209.) III. Plaintiff's rights as against the individual defendants under section 15 of the Stock Corporation Law and section 60 of the General Corporation Law are enforcible only in equity, and, therefore, the ten-year Statute of Limitations is applicable. (*Darcy* v. *Brooklyn & N. Y. Ferry Co.,* 196 N. Y. 99; *Sialkot Importing Corp.* v. *Berlin,* 295 N. Y. 482; *Equity Corp.* v. *Groves,* 294 N. Y. 8; *Buttles* v. *Smith,* 281 N. Y. 226; *Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Coane* v. *American Distilling Co.,* 298 N. Y. 197.) IV. Even if the six-year Statute of Limitations bars appellant from a recovery against Old Rollins, it does not bar the enforcement of appellant's rights against New Rollins and the individual respondents. (*American Sur. Co.* v. *Conner,* 251 N. Y. 1; *Carl* v. *Settegast,* 211 S. W. 506; *McKeon* v. *Chicago, M. St. P. & P. Ry.*

*Co.,* 69 N. W. 175; *Manchester* v. *Tibbetts,* 121 N. Y. 219; *Hale* v. *Stewart,* 7 Hun 591; *McConnell* v. *Barber,* 86 Hun 360.)   V. This action was commenced before the running of the ten-year Statute of Limitations.

*William F. Bleakley, John F. Kiernan* and *Louis Haimoff* for respondents.   I. Plaintiff, its claim against Old Rollins barred by the Statute of Limitations, has no right to realize on any of the assets of Old Rollins in the possession of a third person. (*M'Clenney* v. *M'Clenney,* 3 Tex. 192; *Pace's Trustee* v. *Pace* [*Ky.*], 172 S. W. 925; *DeLacey* v. *Hurst,* 83 Ga. 223; *Hanover Nat. Bank* v. *Moyses,* 186 U. S. 181; *Briggs* v. *Austin,* 129 N. Y. 208; *American Sur. Co.* v. *Conner,* 251 N. Y. 1; *Guild* v. *Hopkins,* 271 App. Div. 234, 297 N. Y. 477; *Hopkins* v. *Lincoln Trust Co.,* 233 N. Y. 213.)   II. Even if the claim of plaintiff to set aside a fraudulent conveyance survived, it was barred by the ten-year Statute of Limitations. (*Buttles* v. *Smith,* 281 N. Y. 226; *Corash* v. *Texas Co.,* 264 App. Div. 292; *Frank* v. *Carlisle,* 261 App. Div. 13, 286 N. Y. 586.)   III. There is no evidence to support the finding that the financial plan of December, 1930, constituted a fraudulent conveyance. (*Northern Pacific Ry. Co.* v. *Boyd,* 228 U. S. 482; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Texas,* 210 U. S. 217; *Halsey* v. *Winant,* 258 N. Y. 512; *Peterson* v. *Wilson,* 199 P. 2d 757; *Brown* v. *Chubb,* 135 N. Y. 174.)   IV. Plaintiff, not being a judgment creditor, has no claim against the individual defendants under section 60 of the General Corporation Law or section 15 of the Stock Corporation Law. (*Levy* v. *Paramount Publix Corp.,* 149 Misc. 129, 265 N. Y. 629; *Steele* v. *Isman,* 164 App. Div. 146; White on New York Corporations [1948 ed.], § 61, p. 152.)   V. The six-year Statute of Limitations bars any claim of plaintiff against the individual defendants under section 15 of the Stock Corporation Law and section 60 of the General Corporation Law. (*Luke* v. *Polstein,* 268 App. Div. 921, 294 N. Y. 896; *Shepard Co.* v. *Taylor Pub. Co.,* 234 N. Y. 465; *Hastings* v. *Byllesby & Co.,* 265 App. Div. 643, 293 N. Y. 404; *Scott* v. *Allen,* 264 App. Div. 424.)   VI. Plaintiff's claim against the individual defendants was barred in any event by the ten-year Statute of Limitations. (*Frank* v. *Carlisle,* 261 App. Div. 13, 286 N. Y. 586; *Corash* v. *Texas Co.,* 264 App. Div. 292; *Kalmanash* v. *Smith,* 291 N. Y. 142; *Buckley* v. *Stans-*

*field,* 155 App. Div. 735; *Curran* v. *Oppenheimer,* 164 App. Div. 746; *Willcox* v. *Goess,* 22 F. Supp. 841; *Doehler* v. *Real Estate Bd. of N. Y. Bldg. Co.,* 150 Misc. 733; *Paulding* v. *Chrome Steel Co.,* 94 N. Y. 334; *Todarelli* v. *Visigraph Co.,* 34 F. Supp. 762; *Turner* v. *American Metal Co.,* 268 App. Div. 239; *Blaustein* v. *Pan American Petroleum & Transport Co.,* 293 N. Y. 281.)

DESMOND, J. E. H. Rollins & Sons (as its corporate name then was, being now United Associates, Incorporated, defendant above named), failed, in January, 1932, to pay to plaintiff, the State of Rio De Janeiro, a balance which then became due from the former to the latter, on a contract for the sale and purchase of the State's bonds. This suit was commenced in December, 1940, nearly nine years after the default. Special Term, as affirmed by the Appellate Division, arrived at these conclusions:

1. That, since the relationship between the two parties to the bond sale agreement was contractual only, and involved no trust, actual or constructive, the six-year Statute of Limitations (Civ. Prac. Act, § 48) applied, and had barred the action (on the debt) before it was started.

2. That claims, asserted in this suit, against certain individual defendants (former officers or directors of the debtor corporation and/or another corporation which had acquired certain of its assets) for alleged unlawful diversion of the debtor's assets, were likewise barred by the applicable statutes of limitation.

3. That a transfer of assets from the debtor corporation to a new corporation (defendant E. H. Rollins & Sons, Incorporated) attacked in a separate count in this complaint, was, under sections 271–273 of the Debtor and Creditor Law, fraudulent as to creditors of the " Old Rollins " Corporation, including plaintiff, despite lack of actual intent to cheat.

4. That, although the statutory period of limitations as to setting aside such a fraudulent conveyance is ten years (Civ. Prac. Act, § 53) and although ten years did not elapse here between conveyance and suit, nevertheless, the right to set aside such a transfer is based on the existence of a valid enforcible claim and, since plaintiff, because of the running of the six-year statute on its contract debt, had no enforcible

claim thereon when this suit was brought (see No. 1 above), the suit, insofar as it challenged the fraudulent conveyance, was likewise barred.

We agree with all of the above conclusions, but comment further on No. 4 above, since there seems to be no New York decision on the point.

If A's liability to B on contract matured on January 1, 1940, but remained unpaid, and if A on that same date made to C a transfer of assets deemed fraudulent under the Debtor and Creditor Law, the time for suing on the contract claim expired January 1, 1946. The period for bringing a suit to set aside the unlawful transfer would, however, run to January 1, 1950 (*Buttles* v. *Smith,* 281 N. Y. 226, 236). But after B had failed, within the fixed six-year time, to sue on his contract, he was thereafter no creditor of A, at all, and had no right or position as to contesting his former debtor's act of divesting himself of his assets. A creditor's bill attacking his debtor's transfer is adjective and ancillary only, to the creditor's right to collect his original debt. In the case relied on at Special Term (*Remington-Rand* v. *Emory Univ.,* 185 Ga. 571) the rule is explained thus: " where the debt is barred, equity will not proceed to make the vain and empty gesture of setting the conveyance aside, or of attempting to subject the property to such barred debt. The right to equitable relief in such instances is dependent upon the right to enforce the debt."

The conclusion arrived at in the paragraph just above is not in conflict with the holding of *American Surety Co.* v. *Conner* (251 N. Y. 1, 7) that article 10 of the Debtor and Creditor Law has abrogated the ancient rule (*Briggs* v. *Austin,* 129 N. Y. 208) that a judgment and lien were essential preliminaries to equitable relief against a fraudulent conveyance, and the further holding of that case that the debt may be established and the conveyance challenged, in a single suit. But plaintiff here, combining its two counts in one complaint as it had a right to do, waited too long to sue its debtor for the moneys due on the bond purchase, and so abandoned every right to enforce it, directly or by creditor's bill against the debtor's wrongfully transferred property. Section 270 of our Debtor and Creditor Law, construed in *American Surety Co.* v. *Conner* (*supra*) to mean that one suit may contain both law and equity counts, that

is, on the debt and to set aside a transfer, is identical with section 1 of the Uniform Fraudulent Conveyance Act. In Massachusetts, where the Uniform Law is in effect, the Supreme Court has held that the essential bases of a statutory proceeding to set aside a fraudulent conveyance is a presently enforcible indebtedness, since a suit to reach and apply transferred property to the satisfaction of a plaintiff's claim, is incidental to that claim, and if the underlying claim be not established, for any reason, the whole suit fails and must be dismissed (*Blumenthal* v. *Blumenthal*, 303 Mass. 275; to the same effect see 1 Glenn on Fraudulent Conveyances and Preferences [Rev. ed.], § 88).

It follows that the courts below were correct in dismissing this complaint, in its entirety.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and BROMLEY, JJ., concur.

Judgment affirmed.