■ LEONARD ENGINEERING, INC., Appellant, v ZEPHYR PETROLEUM CORPORATION et al., Defendants, and NEW YORK PAVING, INC., Respondent.—In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Queens County (Joy, J.), dated October 22, 1986, which (1) granted the motion of the defendant New York Paving, Inc. for an order pursuant to Lien Law § 19 (6) discharging the notice of lien and, pursuant to CPLR 3211 (a) (7), dismissing the complaint, and (2) denied its cross motion pursuant to Lien Law § 12-a to amend the notice of lien nunc pro tunc.

Ordered that so much of the order as granted the motion of the defendant New York Paving, Inc. to discharge the lien and dismiss the complaint is affirmed; and it is further,

Ordered that the plaintiff's appeal from so much of the order as denied its cross motion to amend the notice of lien is dismissed as academic; and it is further,

Ordered that the respondent is awarded costs.

The plaintiff Leonard Engineering, Inc. (hereinafter Leonard) entered into an agreement with the defendant Zephyr Petroleum Corporation (hereinafter Zephyr) to provide engineering services at a premises known as 37-28 Railroad Avenue, Long Island City, then owned by Zephyr. The engineering services were allegedly performed with respect to the subject property between March 20, 1985 and December 19, 1985, and Leonard contends that a balance of $26,500 is unpaid.

The defendant Zephyr conveyed the subject premises to defendant New York Paving, Inc. (hereinafter New York Paving) in a transaction wherein the contract and title closings took place simultaneously on December 16, 1985. Significantly, the deed given by Zephyr to New York Paving contains the following provision: "AND the party of the first part

[Zephyr] in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose".

No notice of lien had been filed by the plaintiff on the date of the conveyance of title to New York Paving. The deed to New York Paving was not recorded until February 4, 1986. In the interim, on December 30, 1985, the plaintiff filed a notice of mechanic's lien against the premises in the office of the County Clerk, Queens County. The notice of lien on its face contained the correct street address. Attached was a rider containing the correct metes and bounds description of the premises. However, the rider misdescribed the property as block 312, lot 250 instead of its correct designation, block 312, lot 2. By reason of this incorrect designation, the County Clerk, Queens County, which files liens according to block and lot number, filed the notice of lien under a different piece of property.

Following the commencement of the plaintiff's action to foreclose upon the lien, the defendant New York Paving moved to (1) discharge the lien (see, Lien Law § 19 [6]), and (2) dismiss the complaint (see, CPLR 3211 [a] [7]), and the plaintiff then cross-moved to amend the notice of lien nunc pro tunc to correct the erroneous lot number (see, Lien Law § 12-a). The Supreme Court, Queens County, granted the motion of the defendant New York Paving and denied the plaintiff's cross motion, holding, in effect, that the misdescription of the premises with respect to an incorrect lot number resulted in a misfiling of the notice that could not have been discovered in the course of a standard title search, and, therefore, the notice of lien was void on its face and could not be amended.

We sustain the holding that the plaintiff's notice of lien was ineffective as against the defendant New York Paving for different reasons than those stated by the Supreme Court. As a result of the provisions of Lien Law § 13 (5) and the trust fund provision in the deed from Zephyr to New York Paving, New York Paving is protected from liability for the debt owed by Zephyr.

Lien Law § 13 (5) provides, in relevant part, as follows: "No instrument of conveyance recorded subsequent to the com-

mencement of the improvement, and before the expiration of four months after the completion thereof, shall be valid as against liens filed within four months from the recording of such conveyance, *unless the instrument contains a covenant by the grantor that he will receive the consideration for such conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and that he will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.* Nothing in this subdivision shall be construed as imposing upon the grantee any obligation to see to the proper application of such consideration by the grantor * * * The covenant provided for herein shall be deemed to have been made and to be in full force and effect if, in lieu of the foregoing provisions, a statement in substantially the following form is contained in the instrument of conveyance, 'subject to the trust fund provisions of section thirteen of the lien law' " (emphasis supplied).

While the Lien Law is generally designed to protect contractors, material providers and other classes of workers who supply labor or furnish materials *(see,* Lien Law § 2), subdivision (5) of section 13 is an exception which is specifically designed to protect purchasers of realty *(see,* 37 NY Jur, Mechanics' Liens, § 148). We find that the trust fund provision in the New York Paving deed complies with the statutory requirements. Although the statute refers to "liens filed within four months from the recording", in order to further the underlying purpose of Lien Law § 13 (5), this language must be construed to include liens filed prior to recording of a conveyance when the conveyance occurred prior to the filing of the lien. Since the deed to New York Paving contained the statutory trust fund provision, the plaintiff's lien is not valid against the deed conveying the property to New York Paving. Accordingly, the plaintiff's recourse, if any, does not lie against New York Paving.

The discharge of the lien and dismissal of the complaint as against New York Paving render academic the plaintiff's appeal from so much of the order as denied its cross motion to amend the notice of lien nunc pro tunc. Mangano, J. P., Niehoff, Kooper, Spatt and Harwood, JJ., concur.