■ ANTONINA MASI, Respondent, v EQUITABLE VARIABLE LIFE INSURANCE COMPANY, Appellant, et al., Defendant.—In an action to recover damages for breach of contract, the defendant Equitable Variable Life Insurance Company appeals from an order of the Supreme Court, Suffolk County (Hand, J.), entered March 19, 1990, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

In the latter part of 1988, the defendant Equitable Variable Life Insurance Company (hereinafter Equitable) issued a policy insuring the life of Andrew Masi. After he died in January 1989, Equitable elected to rescind the policy on the ground that a material misrepresentation had been made on his insurance application. Equitable issued a check to Masi's widow, the plaintiff Antonina Masi, which represented the premium paid on the policy, plus interest.

By letter dated July 14, 1989, the plaintiff's attorney acknowledged the receipt of Equitable's letter and check and informed Equitable that the plaintiff reserved the right to commence an action against it despite the fact that she would negotiate the check. The plaintiff deposited the check on that same day. The plaintiff did not indicate that she was reserving her rights on the check itself.

The plaintiff commenced the instant action against Equitable. Equitable moved for summary judgment, raising the affirmative defense of accord and satisfaction. The Supreme Court denied Equitable's motion, stating that the plaintiff effectively reserved her rights in the July 14, 1989, letter.

We reject Equitable's argument that the plaintiff's reservation was inadequate because she did not write it on the check itself. An explicit reservation of one's rights by letter satisfies the requirement of UCC 1-207 and prevents an accord and satisfaction *(see, Ayer v Sky Club,* 70 AD2d 863; *see generally, Horn Waterproofing Corp. v Bushwick Iron & Steel Co.,* 66 NY2d 321). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.