■ MAURICE OPARAJI, Appellant, v MADISON QUEENS-GUY BREWER, LLC, et al., Respondents. [754 NYS2d 907] —In an action, inter alia, to set aside a conveyance of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated

June 12, 2001, as, upon renewal, adhered to a prior determination denying his motion for summary judgment on his causes of action pursuant to Debtor and Creditor Law §§ 273, 275, and 276.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The plaintiff, while a creditor of the defendant Robert Weston on an unpaid judgment, commenced this action, inter alia, to set aside the sale of real property by Weston as a fraudulent conveyance pursuant to Debtor and Creditor Law §§ 273, 275, and 276. The plaintiff contends that the Supreme Court erred in denying his motion for summary judgment on these causes of action. However, it is undisputed that the judgment has been satisfied. Accordingly, the plaintiff is no longer a creditor aggrieved by the alleged fraudulent conveyance (*see State of Rio de Janeiro v Rollins & Sons,* 299 NY 363; *Washington 1993 v Reles,* 255 AD2d 745; *Taylor-Outten v Taylor,* 248 AD2d 934; *Marine Midland Bank v Murkoff,* 120 AD2d 122, 133; *Allard v DeLorean,* 884 F2d 464, 466). Thus, as the plaintiff has alleged no other cognizable basis for relief pursuant to the Debtor and Creditor Law (*see Marine Midland Bank v Murkoff, supra*; *Matter of Mayerson v DeBuono,* 181 Misc 2d 55, *affd* 271 AD2d 447), the issue of whether or not summary judgment was properly denied is academic. Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.