■ DOUGLAS TERRY, Respondent, v JORDAN R. BELFORT et al., Defendants, and NADINE BELFORT, Appellant. [896 NYS2d 378]—

In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside the transfer of certain assets and real property as fraudulent, the defendant Nadine Belfort appeals, as limited by her notices of appeal and brief, from (1) so much of an order of the Supreme Court, Nassau County (Martin, J.), entered July 8, 2008, as denied those branches of her motion which were for summary judgment dismissing the first through sixth causes of action in the amended complaint insofar as asserted against her, and (2) so much of an order of the same court entered December 12, 2008, as, in effect, denied her motion for leave to reargue.

Ordered that the appeal from so much of the order entered December 12, 2008, as, in effect, denied the appellant's motion for leave to reargue is dismissed; and it is further,

Ordered that the order entered July 8, 2008, is reversed insofar as appealed from, on the law, and those branches of the defendant's motion which were for summary judgment dismissing the first through sixth causes of action in the amended complaint insofar as asserted against her are granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from so much of the order entered December 12, 2008, as, in effect, denied the appellant's motion for leave to reargue must be dismissed, as no appeal lies from the denial of leave to reargue (*see Consolidated Resources, LLC v 210-220-230 Owner's Corp.*, 59 AD3d 579, 580 [2009]).

The plaintiff obtained a money judgment against the defendant Jordan Belfort (hereinafter Belfort) in connection with the loss of funds that the plaintiff had invested in a stock brokerage account managed, in part, by Belfort. After the plaintiff obtained the judgment and commenced the instant action to set aside Belfort's alleged fraudulent transfer of certain assets to the defendant Nadine Belfort (hereinafter the appellant), Belfort pleaded guilty, in the United States District Court for the Eastern District of New York, to charges of securities fraud and

money laundering conspiracy. In connection with Belfort's plea of guilty, the District Court ordered the creation of a restitution fund (hereinafter the Fund) from assets forfeited by Belfort, and directed that victims of Belfort's fraudulent conduct would be entitled to a pro rata distribution from the Fund on the condition that they waive their right, inter alia, to enforce any judgments against Belfort, except as against any forfeiture or restitution funds. After having been unequivocally advised of this condition, the plaintiff accepted a distribution from the Fund.

The appellant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the first through sixth causes of action in the amended complaint insofar as asserted against her, which sought to set aside certain allegedly fraudulent transfers of assets and real property to her from Belfort. Having accepted a distribution from the Fund, the plaintiff is limited by his own waiver to enforcing the judgment obtained against Belfort against any restitution or forfeiture funds and, concomitantly, is barred from enforcing his judgment directly against Belfort's assets, including any assets now alleged to have been fraudulently conveyed to the appellant. Since the plaintiff cannot enforce the debt against the assets allegedly fraudulently conveyed to the appellant, he is no longer a creditor aggrieved by that alleged fraudulent conveyance (see *State of Rio de Janeiro v Rollins & Sons, Inc.*, 299 NY 363, 366-367 [1949]; *Oparaji v Madison Queens-Guy Brewer*, 302 AD2d 439, 440 [2003]; *Washington 1993 v Reles*, 255 AD2d 745, 747 [1998]).

The plaintiff failed to raise a triable issue of fact in response to the appellant's prima facie showing of entitlement to judgment as a matter of law. Contrary to the plaintiff's contention, the money that the plaintiff received from the Fund did not constitute a partial payment by the debtor, which the plaintiff was entitled to accept while reserving his right to collect the remainder of the debt (cf. *Horn Waterproofing Corp. v Bushwick Iron & Steel Co.*, 66 NY2d 321, 322, 327 [1985]; *Masi v Equitable Variable Life Ins. Co.*, 178 AD2d 515 [1991]). Rather, the plaintiff accepted a distribution from a restitution fund created to compensate victims of securities fraud. The distribution was made pursuant to a "Stipulation and Order," which expressly conditioned acceptance of the distribution on waiver of the right to enforce any judgments against Belfort, and did not contain any provision allowing the eligible claimants to reserve their rights to enforce judgments entered against Belfort by pursuing assets Belfort allegedly fraudulently conveyed to third parties.

Furthermore, the order did not authorize the individual charged with distributing the sums in the Fund to permit such a reservation of rights. Accordingly, the Supreme Court erred in determining that a question of fact existed as to whether the plaintiff reserved his right to enforce his judgment against assets Belfort allegedly fraudulently conveyed to the appellant. As the plaintiff failed to raise any triable issues of fact, those branches of the appellant's motion which were for summary judgment dismissing the first through sixth causes of action in the amended complaint insofar as asserted her should have been granted. Covello, J.P., Santucci, Miller and Eng, JJ., concur.