■ PRESTIGE CATERERS, INC., Respondent, v STEVEN SIEGEL et al., Appellants. [930 NYS2d 272]—

In 1998 the plaintiff catering company was hired by nonparty Stanley Siegel (hereinafter the father) to cater several functions in connection with the marriage between his son, the defendant Steven Siegel, and the defendant Aliza Siegel (hereinafter together the defendants). After these catering services were rendered, the remaining balance owed to the plaintiff was $35,586. The father tendered the plaintiff a check that was dishonored for insufficient funds.

After obtaining money judgments against the father, the father's wife, and a corporate entity controlled by the father, the plaintiff commenced this action against the defendants to, among other things, set aside allegedly fraudulent conveyances. The plaintiff alleged, inter alia, that the father fraudulently conveyed his assets and funds to the defendants, without consideration, thereby rendering him insolvent and ensuring that the plaintiff's judgment against him could not be satisfied.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that it failed to state a cause of action. The defendants argued that the assets allegedly transferred could not be fraudulently conveyed as a matter of law since those assets consisted solely of social security benefits against which the plaintiff could not enforce the debt. The Supreme Court, upon reviewing the four corners of the complaint, denied the defendants' motion. We affirm.

"When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . 'the benefit of every possible favorable inference' " (*AG Capital Funding Partners,*

*L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A court must "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88; *see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

Although social security benefits are protected from "execution, levy, attachment, garnishment, or other legal process" (42 USC § 407 [a]; *see Matter of Tomeck*, 8 NY3d 724, 731 [2007]), and, therefore, do not constitute "assets" as defined in Debtor and Creditor Law § 270, the complaint adequately alleges the fraudulent conveyance of other assets and funds which are "not exempt from liability for [the alleged] debts" (*id.*; *cf. Terry v Belfort*, 70 AD3d 1028, 1030 [2010]). Accordingly, contrary to the defendants' contention, the allegations of the complaint sufficiently set forth causes of action under the Debtor and Creditor Law, and the Supreme Court properly denied the defendants' motion to dismiss the complaint (*see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 149 [2009]; *Gihon, LLC v 501 Second St., LLC*, 29 AD3d 629, 630 [2006]). Skelos, J.P., Eng, Austin and Miller, JJ., concur.