■ PETER FRANKINI, Appellant, v LANDMARK CONSTRUCTION OF YONKERS, INC., Respondent. [937 NYS2d 80]—

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the action for failure to state a cause of action, and substituting therefor provisions denying the cross motion and deeming the moving and answering papers to the plaintiff's motion for summary judgment in lieu of complaint to be the complaint and answer, respectively; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff sought to recover the principal sum of $600,000 allegedly owed to him pursuant to a promissory note (hereinafter the note), dated February 11, 2005, executed in his favor by the defendant. The note defined the "Due Date" when the "principal shall be payable" as taking place "upon completion

and sale" of certain property located in Bronxville (hereinafter the property). Although the construction of the property has been completed, it is undisputed that the property has not yet been sold. Instead, on January 1, 2011, the defendant entered into a two-year lease of the property with a nonparty tenant. In his moving papers, the plaintiff alleged that the defendant breached the implied covenant of good faith and fair dealing. Further, he claimed that the parties had a fiduciary relationship. In contrast, the defendant asserted that it did not owe any monies under the note because the property was not sold.

Following the commencement of the instant action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant cross-moved, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the action for failure to state a cause of action. The Supreme Court denied the plaintiff's motion for summary judgment in lieu of complaint and granted the defendant's cross motion. We modify.

The Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint (see CPLR 3213). "To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms" (Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789 [2011]; see Lugli v Johnston, 78 AD3d 1133, 1135 [2010]). Here, the note defined the "Due Date" as "payable upon completion and sale" of the property. Inasmuch as the property has not been sold, the plaintiff has not shown a failure by the defendant to pay in accordance with the note's express terms (see Superior Fid. Assur., Ltd. v Schwartz, 69 AD3d 924, 926 [2010]).

However, the Supreme should not have granted the defendant's cross motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the action for failure to state a cause of action. On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Prestige Caterers, Inc. v Siegel, 88 AD3d 679 [2011]; Peery v United Capital Corp., 84 AD3d 1201 [2011]; Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]).

Applying those principles herein, while the plaintiff failed to sufficiently allege a breach of fiduciary duty (*see Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp.*, 89 AD3d 913 [2011]), he sufficiently alleged a breach of the implied covenant of good faith and fair dealing, which, if proven, would permit recovery on the contract. The implied covenant of good faith and fair dealing " 'is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement' " (*P.T.& L. Contr. Corp. v Trataros Constr., Inc.*, 29 AD3d 763, 764 [2006], quoting *Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]; *see Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d 859, 861 [2010]). Although the defendant may not have violated the express terms of the note, the plaintiff adequately alleged that, by failing to sell the property, the defendant has deprived him of the right to receive the benefits under their agreement.

In light of the foregoing, the Supreme Court should have deemed the moving and answering papers to the plaintiff's motion to be the complaint and answer, respectively (*see Weissman v Sinorm Deli*, 88 NY2d 437, 445 [1996]; *cf. Schulz v Barrows*, 94 NY2d 624 [2000]). Florio, J.P., Belen, Roman and Sgroi, JJ., concur.