In an action, inter alia, to foreclose a mechanic’s lien, to set aside alleged fraudulent conveyances pursuant to Debtor and Creditor Law § 273, and to recover damages for diversion of trust assets pursuant to article 3-A of the Lien Law, the defendants Grand Palais, LLC, Grand Palais Development, Inc., Platte River Insurance Company, and Howard Lepow appeal from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered January 19, 2012, as, upon a decision of the same court dated November 21, 2011, made after a nonjury trial, (a) is in favor of the plaintiff and against the defendant Grand Palais, LLC, in the total sum of $935,342.55 on the first cause of action, (b) is in favor of the plaintiff and against the defendants Grand Palais Development, Inc., and Platte River Insurance Company in the total sum of $728,194.81 on the third cause of action, (c) is in favor of the plaintiff and against the defendants Grand Palais, LLC, and Grand Palais Development, Inc., in the total sum of $935,342.55 on the seventh cause of action, (d) is in favor of the plaintiff and against the defendants Grand Palais, LLC, and Grand Palais Development, Inc., in the *594 total sum of $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violation of Lien Law § 13 (5), (e) is in favor of the plaintiff and against the defendants Grand Palais, LLC, and Grand Palais Development, Inc., in the total sum of $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violation of Lien Law §§ 72 and 77, and, (f) is in favor of the plaintiff and against them in effect, dismissing their counterclaims, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from so much of the same judgment as is in favor of the defendant Howard Lepow and against it, in effect, dismissing the twelfth and thirteenth causes of action insofar as asserted against that defendant.
Ordered that the appeal (a) by the defendant Grand Palais, LLC, from so much of the judgment as is in favor of the plaintiff and against the defendants Grand Palais Development, Inc., and Platte River Insurance Company in the total sum of $728,194.81 on the third cause of action, (b) by the defendant Grand Palais Development, Inc., from so much of the judgment as is in favor of the plaintiff and against the defendant Grand Palais, LLC, in the total sum of $935,342.55 on the first cause of action, (c) by the defendant Platte River Insurance Company from so much of the judgment as is in favor of the plaintiff and against the defendant Grand Palais, LLC, in the total sum of $935,342.55 on the first cause of action and against the defendants Grand Palais, LLC, and Grand Palais Development, Inc., in the total sums of $935,342.55 on the seventh cause of action, $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violation of Lien Law § 13 (5), and $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violation of Lien Law §§72 and 77, and (d) by the defendant Howard Lepow from so much of the judgment as is in favor of the plaintiff and against the defendant Grand Palais, LLC, in the total sum of $935,342.55 on the first cause of action, against the defendants Grand Palais Development, Inc., and Platte River Insurance Company in the total sum of $728,194.81 on the third cause of action, and against the defendants Grand Palais, LLC, and Grand Palais Development, Inc., in the total sums of $935,342.55 on the seventh cause of action, $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violation of Lien Law § 13 (5), and $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violation of Lien Law §§ 72 and 77, are dismissed, as those defendants are not aggrieved by the respective portions of the judgment appealed from (see CPLR 5511); and it is further,
*595 Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof in favor of the plaintiff and against the defendants Grand Palais, LLC, and Grand Palais Development, Inc., in the total sum of $935,342.55 on the seventh cause of action and substituting therefor a provision dismissing that cause of action, (2) by deleting the provisions thereof in favor of the plaintiff and against the defendants Grand Palais, LLC, and Grand Palais Development, Inc., in the total sum of $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violation of Lien Law § 13 (5) and substituting therefor provisions dismissing those portions of the twelfth and thirteenth causes of action, and (3) by deleting the provisions thereof in favor of the defendant Howard Lepow and against the plaintiff, in effect, dismissing those portions of the twelfth and thirteenth causes of action which sought damages for violations of Lien Law §§ 72 and 77 insofar as asserted against that defendant and substituting therefor provisions awarding judgment in favor of the plaintiff and against the defendant Howard Lepow on those portions of the twelfth and thirteenth causes of action in the total sum of $935,342.55; as so modified, the judgment is affirmed insofar as reviewed on the appeal by the defendants Grand Palais, LLC, Grand Palais Development, Inc., Platte River Insurance Company, and Howard Lepow, and insofar cross-appealed from, with costs to the plaintiff.
On July 21, 2004, the defendant Grand Palais, LLC (hereinafter Grand Palais), entered into a contract with the plaintiff, Holt Construction Corp. (hereinafter Holt), obligating Holt to perform certain construction work on land owned by Grand Palais. In May 2005, title to the subject property was transferred from Grand Palais to the defendant Grand Palais Development, Inc. (hereinafter GPD). On November 28, 2005, Holt filed a mechanic’s lien in the principal sum of $661,998.21 against the property, based upon allegedly unpaid labor and materials. On July 28, 2006, GPD filed a bond in the sum of $728,194.81, which was issued by the defendant Platte River Insurance Company (hereinafter Platte) to discharge the lien. In August 2006, GPD sold the property to the defendant Brisam Forest Hills, LLC (hereinafter Brisam).
Holt commenced this action against, among others, Grand Palais, GPD, Platte, and the defendant Howard Lepow, the president of Grand Palais and GPD, seeking, inter alia, to foreclose on the lien (third cause of action), to set aside conveyances of the property as fraudulent pursuant to Debtor and Creditor Law § 273 (seventh cause of action), and to recover damages for *596 diversion of trust assets pursuant to article 3-A of the Lien Law (twelfth and thirteenth causes of action). In a judgment entered January 19, 2012, after a nonjury trial, the Supreme Court, among other things, awarded the total sum of $728,194.81 in favor of Holt and against Grand Palais and Platte on the third cause of action and the total sum of $935,342.55, in favor of Holt and against Grand Palais and GPD on the seventh, twelfth, and thirteenth causes of action. The Supreme Court also, in effect, dismissed the twelfth and thirteenth causes of action insofar as asserted against Lepow. Grand Palais, GPD, Lepow, and Platte (hereinafter collectively the appellants) appeal from stated portions of the judgment, and Holt cross-appeals from so much of the judgment as, in effect, dismissed the twelfth and thirteenth causes of action insofar as asserted against Lepow.
The Supreme Court improperly awarded judgment in favor of Holt and against Grand Palais and GPD on the seventh cause of action, which was to set aside conveyances of the property as fraudulent pursuant to Debtor and Creditor Law § 273. Once [GPD] “obtained a bond to discharge the mechanic’s lien, the debt no longer existed for the purposes of Debtor and Creditor Law § 273” (Washington 1993 v Reles, 255 AD2d 745, 747 [1998]: see Oparaji v Madison Queens-Guy Brewer, 302 AD2d 439, 440 [2003]).
However, contrary to the appellants’ contention, the discharge of a mechanic’s lien by the filing of a bond is not equivalent to payment or discharge of a trust claim pursuant to Lien Law article 3-A (see NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC, 100 AD3d 216, 220 [2012]). Therefore, the filing of the bond did not necessitate the dismissal of the twelfth and thirteenth causes of action, which were to recover damages for diversion of trust assets pursuant to article 3-A of the Lien Law. Further, contrary to the appellants’ contention, those causes of action were not time-barred by Lien Law § 77 (2), which provides that no action to enforce a trust under article 3-A of the Lien Law “shall be maintainable if commenced more than one year after the completion of such improvement.” “The one-year period does not begin to run from the date of substantial completion, but from the date of completion of all work” (Northern Structures v Union Bank, 57 AD2d 360, 368 [1977]). Thus, since it is undisputed that the work on the subject project was not fully completed, the one-year period under Lien Law § 77 (2) did not begin to run.
The Supreme Court improperly awarded judgment in favor of Holt and against Grand Palais and GPD on those portions of the twelfth and thirteenth causes of action which sought dam *597 ages for violation of Lien Law § 13 (5). “While the Lien Law is generally designed to protect contractors, material providers and other classes of workers who supply labor or furnish materials, subdivision (5) of section 13 is an exception which is specifically designed to protect purchasers of realty” (Leonard Eng’g v Zephyr Petroleum Corp., 135 AD2d 795, 797 [1987] [citation omitted]; see Ellis Chingos Constr. Corp. v Carlton Props., 30 Misc 2d 883, 886 [1961]). Thus, Lien Law § 13 (5) did not provide any basis for relief to Holt.
The Supreme Court also improperly, in effect, dismissed those portions of the twelfth and thirteenth causes of action which sought damages for violations of Lien Law §§ 72 and 77 insofar as asserted against Lepow. In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds “warranted by the facts,” bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). This Court has held that the individual officers of a corporate trustee may be held personally liable pursuant to Lien Law article 3-A for knowingly participating in a diversion of trust assets (see Ippolito v TJC Dev., LLC, 83 AD3d 57, 70-71 [2011]; Atlas Bldg. Sys. v Rende, 236 AD2d 494, 495 [1997]; South Carolina Steel Corp. v Miller, 170 AD2d 592 [1991]). Here, the record demonstrates that, in contravention of Lien Law §71(1), Lepow failed to hold the proceeds from the sale of the property to Brisam in trust to pay for the cost of improvements, and that he used those proceeds, in part, to satisfy other various debts in contravention of Lien Law § 72. Thus, the Supreme Court should have awarded judgment in favor of Holt and against Lepow in the total sum of $935,342.55 on those portions of the twelfth and thirteenth causes of action which sought damages for violations of Lien Law §§ 72 and 77.
The appellants’ remaining contentions are without merit. Balkin, J.P., Hall, Lott and Miller, JJ., concur.