■ V.A.L. FLOORS, INC., Appellant, v MARSON CONTRACTING CO., INC., Defendant, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Respondent. [973 NYS2d 149]—

Judgment, Supreme Court, New York County (Ellen M. Coin, J.), entered December 7, 2012, dismissing the complaint as against defendant Travelers Casualty and Surety Company of America (Travelers), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 4, 2012, which granted Travelers' motion for summary judgment dismissing the complaint as against it and denied plaintiff's cross motion for partial summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Beginning in May 2007 and ending on January 9, 2008, plaintiff subcontractor performed flooring installation work for defendant Marson Contracting Co., Inc., the general contractor on the construction of a 15-story condominium building. On December 14, 2007, 985 Park Avenue Realty LLC (the Developer) conveyed one of the condominium units to a married couple (the Buyers). In the deed, the Developer covenanted that it would "receive the consideration for this conveyance," "hold the right to receive such consideration as a trust fund for the purpose of paying the cost of the improvement," and "apply the same first to the payment of the cost of the improvements before

using any part of the same for any other purpose." On January 18, 2008, plaintiff filed a mechanic's lien against the subject unit.

Here, since the deed contains the statutorily required trust fund language (*see* Lien Law § 13 [5]), and the conveyance occurred prior to the filing of plaintiff's lien, the "lien is not valid against the deed" (*Leonard Eng'g v Zephyr Petroleum Corp.*, 135 AD2d 795, 797 [2d Dept 1987]).

Moreover, Lien Law § 4 provides that a mechanic's lien "shall extend to the owner's right, title or interest in the real property and improvements, existing at the time of filing the notice of lien." Since ownership of the condominium unit passed to the Buyers at the time of delivery of the deed (*see* Real Property Law § 244), and since the Buyers did not consent to the work performed outside of the unit which constituted the basis of the overwhelming majority of the Lien (*see* Real Property Law § 339-*l* [2]), the Lien was also "invalid under Lien Law § 4 (1)" (*Matter of Myrtle Owner LLC [Ro-Sal Plumbing & Heating Inc.]*, 32 Misc 3d 1221[A], 2011 NY Slip Op 51376[U], *6 [Sup Ct, Kings County 2011]). Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ.