Broadway Warehouse Co. v Buffalo Barn Bd., LLC (2019 NY Slip Op 03493)





Broadway Warehouse Co. v Buffalo Barn Bd., LLC


2019 NY Slip Op 03493


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


309 CA 18-01590

[*1]BROADWAY WAREHOUSE CO., PLAINTIFF-APPELLANT,
v
BUFFALO BARN BOARD, LLC, ET AL., DEFENDANTS, EMPIRE BUILDING DIAGNOSTICS, INC., AND EBD MANAGEMENT, LLC, DEFENDANTS-RESPONDENTS. 






ROACH, LENNON & BROWN, PLLC, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WEBSTER SZANYI LLP, BUFFALO (ANDREW O. MILLER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered June 21, 2018. The order, insofar as appealed from, granted that part of the motion of defendants Empire Building Diagnostics, Inc., and EBD Management, LLC, seeking summary judgment and dismissed the second amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and defendant Buffalo Barn Board, LLC (BBB) entered into a lease agreement pursuant to which plaintiff would lease its warehouse to BBB, whose principal personally guaranteed the lease. After BBB defaulted on the lease and plaintiff obtained a default judgment against the guarantor, plaintiff commenced this action against defendants Empire Building Diagnostics, Inc. and EBD Management, LLC (collectively, EBD defendants), entities with whom BBB did business, and BBB. In each cause of action against the EBD defendants, plaintiff sought to recover the amount due under the lease plus interest, as well as the "costs, disbursements and reasonable attorney's fees of th[e] action."
In a prior appeal, we determined that Supreme Court (Walker, A.J.) properly granted the EBD defendants' cross motion insofar as it sought summary judgment dismissing the first two causes of action against them but properly denied the cross motion insofar as it sought summary judgment dismissing the remaining two causes of action against them (Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 143 AD3d 1238, 1240-1241 [4th Dept 2016]). Thereafter, BBB's principal, pursuant to his personal guaranty, paid plaintiff the amount due under the lease agreement plus interest, and the EBD defendants moved to dismiss as moot the remaining causes of action against them. We conclude that Supreme Court properly granted that motion.
Inasmuch as plaintiff has received all the relief to which it would be entitled with respect to its causes of action against the EBD defendants, plaintiff is no longer aggrieved (see Oparaji v Madison Queens-Guy Brewer, 302 AD2d 439, 440 [2d Dept 2003]). Contrary to plaintiff's contention, the court properly determined that plaintiff is not entitled to an award of attorney's fees as against the EBD defendants. "Such fees may not be awarded in the absence of a statute expressly authorizing their recovery, or an agreement or stipulation to that effect by the parties' " (Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 162 AD3d 1496, 1497 [4th Dept 2018]). Here, such an award was not authorized by any statute, and there was no stipulation or agreement between plaintiff and the EBD defendants that would permit such an award.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court