SIDNEY HAUSEN, Respondent, v. ACADEMY PRINTING & SPECIALTY CO., INC., Appellant.—In an action to recover salesman's commissions upon an alleged agreed rate (first cause of action) and in *quantum meruit* (second cause of action), defendant appeals from an order of Supreme Court, Nassau County, dated August 14, 1969, which denied its motion to dismiss both causes of action in the amended complaint pursuant to CPLR 3211 (subd. [a], par. 5). Order modified, on the law and the facts, by inserting therein, immediately after the words "this motion is denied", the following: "as to the second cause of action and granted as to the first cause of action." As so modified, order affirmed, without costs. Plaintiff claims that under the oral agreement upon which he sues commissions were to be paid him on all defendant's completed sales to customers produced by him, either directly through his efforts on

original orders or through either himself or defendant on reorders. In our opinion, the agreement would not be capable of performance within one year. Defendant's liability under the contract would continue as long as the customers procured by plaintiff purchase and make payments to defendant. A contract whose performance is impossible within a year and which contains no express provision for termination within a year may not be enforced unless incorporated in a writing as prescribed by the Statute of Frauds (*Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846). Therefore, we conclude that the defense of the Statute of Frauds is applicable and it was error for Special Term to have denied defendant's motion to dismiss the first cause of action. Since the express contract is unenforceable by reason of the Statute of Frauds, plaintiff may not use the contract as evidence of the reasonable value of his services in *quantum meruit* (*Parver* v. *Matthews-Kadetsky Co.*, 242 App. Div. 1). In our opinion, however, the amended complaint is adequate to afford plaintiff the opportunity to present other proof as to the reasonable value of his services. Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.