■ MORTON ROSS et al., Respondents, v KEENE CORPORATION, Appellant.—In an action *inter alia* to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Kings County, dated April 22, 1975, which (1) denied without prejudice its motion to dismiss plaintiff's first and second causes of action on the ground of the Statute of Frauds and (2) denied its motion to dismiss the first cause of action on the basis of a defense founded upon documentary evidence. Order affirmed, with $50 costs and disbursements. Defendant's time to serve its answer is extended until 20 days after entry of the order to be made hereon. The alleged oral commission agreement is not within the Statute of Frauds. It was terminable at will by either party (see *North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171; *Nat Nal Serv. Stations v Wolf*, 304 NY 332; *Rifkind v Web IV Music*, 67 Misc 2d 26), and did not require payment of commissions on reorders (see *Zupan v Blumberg*, 2 NY2d 547; *Hausen v Academy Print. & Specialty Co.*, 34 AD2d 792). Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.

■ SYLVIA SEIDMAN, Respondent, v MORRIS SEIDMAN, Appellant.—In an action to impress a trust upon certain real property, defendant appeals from a judgment of the Supreme Court, Nassau County, entered September 7, 1973, which, after a nonjury trial, *inter alia* imposed such a trust. Judgment affirmed, with costs. Upon the record in this case the trial court could properly find that a constructive trust was established. We therefore would not be warranted in disturbing that conclusion. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.

■ ANN SHAPIRO, Appellant, v PHILIP D. SHAPIRO, Respondent.—In a matrimonial action, plaintiff appeals, as limited by her brief, on the ground of insufficiency, from so much of an order of the Supreme Court, Suffolk County, dated January 30, 1975, as granted her motion for temporary alimony and child support. The appeal also brings up for review so much of a further order of the same court, dated April 21, 1975, as, upon reargument, adhered to the original determination. Appeal from the order dated January 30, 1975 dismissed as academic, without costs or disbursements. That order was superseded by the order made on reargument. Order dated April 21, 1975 affirmed insofar as reviewed, without costs or disbursements. We adopt the reasoning of Special Term as contained in its order of January 30, 1975, with the following proviso: Although plaintiff has failed, on this record, to establish an equitable estoppel against the defendant so as to charge him with the support of his stepchildren, born out of another marriage of the plaintiff, or to establish an implied promise, on his part, to provide for their support, this conclusion is reached without prejudice to a different result after the trial of the action, at which other or further evidence may be adduced. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.