■ WOLFF & MUNIER, INC., Appellant, v SOUTH FERRY BUILDING COMPANY, Respondent, et al., Defendants.—Order, Supreme Court, New York County, entered January 28, 1976, denying plaintiff's motion for partial summary judgment dismissing defendants' affirmative defense and counterclaim, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The action is to enforce a mechanic's lien. The second affirmative defense and counterclaim based on sections 39 and 39-a of the Lien Law alleges willful exaggeration of the amount of the lien. By a series of partial satisfactions of lien unilaterally filed by plaintiff, plaintiff has acknowledged full satisfaction of the lien, so that the lien has been fully discharged of record. Defendant alleges that at least the last satisfaction was filed without any payment being made to lienor, and the others were filed for amounts exceeding the amounts of any payments. Plaintiff contends that because of the discharge of the lien the action is no longer an action to enforce the mechanic's lien or in which the validity of the lien is an issue and that the claim for willful exaggeration must be dismissed, because under section 39 of the Lien Law it may be interposed only in an action to enforce a mechanic's lien or in which the validity of the lien is an issue. In 1971 the Legislature enacted what is now subdivision 1 of section 12-a of the Lien Law which provides: "1. Within sixty days after the original filing, a lienor may amend his lien upon twenty days notice to existing lienors, mortgagees and the owner, provided that no action or proceeding to enforce or cancel the mechanics' lien has been brought in the interim, where the purpose of the amendment is to reduce the amount of the lien, except the question of wilful exaggeration shall survive such amendment." Thus in the case covered by subdivision 1 of section 12-a the statute expressly provides that "the question of wilful exaggeration shall survive such amendment." In the case at bar the first partial satisfaction, and thus reduction of the claim, was filed six months after the original filing; the last one was filed four years after; the last two partial satisfactions were filed after the action to enforce the mechanic's lien had been brought. The satisfactions were filed not by amendment on notice but unilaterally. If an amendment filed pursuant to subdivision 1 of section 12-a does not extinguish the willful exaggeration claim, then a fortiori the present "amendments" do not extinguish the claim. Finally, we note that there has been no amendment of the complaint nor any judgment dismissing the claim or prayer for relief to enforce the mechanic's lien, so that at least in form the action is still an action to enforce a mechanic's lien. Concur—Markewich, J. P., Lupiano, Silverman, Nunez and Yesawich, JJ.

■ ARNOLD MIONI, Respondent, v DONALD W. ZENG, Defendant-Appellant and Third-Party Plaintiff-Appellant. VINCENT PITURRO, Third-Party Defendant-Respondent.—Interlocutory judgment, Supreme Court, Bronx County, entered in this personal injury action, on February 18, 1975, in favor of plaintiff and third-party defendant, after trial before Fusco, J., and a jury, unanimously affirmed. Respondents shall recover of appellant one bill of $60 costs and disbursements of this appeal. An examination of the record discloses no significant error. Questions of fact were raised by the evidence adduced and we find no reason to interfere with the verdict of the jury. The issues of the negligence of the defendant-appellant and the alleged contributory negligence of the plaintiff-respondent were properly for the jury's consideration and its determination should stand. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Yesawich, JJ.