(December 15, 1986)

■ PETER ASCIUTTO, Appellant, v BARCO AUTO LEASING CORP. et al., Respondents.—In an action, *inter alia,* to rescind an automobile leasing agreement, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.),

dated April 17, 1986, which granted the defendants' motions for summary judgment and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The instant action to rescind an automobile leasing agreement is premised upon the defendant Friendly Pontiac, Inc.'s purported breach of an alleged related oral advertising agreement which it entered into with the plaintiff. However, the record reveals that the alleged oral advertising agreement was one which by its terms could not be performed within one year. Therefore, the failure of the parties to memorialize the alleged agreement in a signed writing renders it void and unenforceable under the Statute of Frauds (see, General Obligations Law § 5-701 [a] [1]; *D & N Boening v Kirsch Beverages*, 63 NY2d 449; *Polykoff Adv. v Houbigant, Inc.*, 43 NY2d 921; *Hausen v Academy Print. & Specialty Co.*, 34 AD2d 792). As such, its nonperformance may not constitute a ground for rescinding the automobile lease. In this regard, we discern no basis in the record for equitably estopping the defendants from asserting the Statute of Frauds as a defense, for the written lease contract contained no reference to the advertising agreement and expressly stated that only written and signed modifications of the lease would be binding upon the parties. Moreover, the plaintiff failed to submit any evidence of partial performance, detrimental reliance or unconscionable injury as a result of the nonperformance of the alleged advertising agreement (see, *American Bartenders School v 105 Madison Co.*, 91 AD2d 901, *affd* 59 NY2d 716), nor do his papers raise a triable issue of fact with respect to the unsubstantiated allegation that he was induced to enter into the automobile lease by the oral promises of the defendants. Hence, the Supreme Court, Dutchess County, properly granted the defendants' motions for summary judgment. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.