■ PREMIUM CHANNELS PUBLISHING COMPANY, INC., Respondent, v ROLLS-ROYCE MOTORS, INC., Defendant, and RALLYE MOTORS, INC., Appellant.—Order and Judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered October 13, 1989, which, after inquest, awarded plaintiff damages against defendant Rallye Motors, Inc. in the amount of $173,800, together with interest and costs, severed the request for attorney's fees, and ordered that plaintiff return a certain automobile to defendant-appellant within five days after payment of the judgment, unanimously reversed, without costs, on the law, the facts, and in the exercise of discretion, and the matter remanded for a new inquest. The appeal from the order of the same court entered on or about May 12, 1989, which granted plaintiff's motion to confirm the report of the Special Referee, and denied a cross-motion by defendant-appellant to vacate its default, is unanimously dismissed as superceded by the final judgment, but has been reviewed to the extent it necessarily affects the final judgment (CPLR 5501 [a] [1]).

Plaintiff purchased a Rolls Royce Corniche from the defendant Rallye Motors, an automobile dealership, in 1982 for $140,000. Contending that the vehicle never functioned properly, plaintiff commenced this action against defendant Rallye

and the manufacturer alleging various causes of action, including breach of contract and breach of warranty. The manufacturer appeared, and on its motion pursuant to CPLR 3211, the action against it was dismissed. On defendant Rallye's default in answering, after inquest, plaintiff was awarded $173,800, which plaintiff's president testified was the price of a new vehicle.

Defendant, approximately one month after the inquest, moved to vacate the default. Testimony was taken before a Special Referee, who recommended that the motion be denied. The Supreme Court confirmed the report of the Referee. Judgment was then entered in favor of plaintiff in the amount set forth above, and plaintiff was directed to surrender the old automobile within five days after satisfaction of the judgment.

We find no error in the denial of defendant's motion to vacate its default. In this regard, service of process at defendant's place of business, on defendant's service manager, who reported directly to defendant's principals, earned over $100,000 yearly, and supervised over 70 employees, complied with CPLR 311 (1). The process server was directed to the service manager by the receptionist, who had been advised of the nature of the papers, and the service manager admittedly accepted service and forwarded the papers immediately to defendant's litigation counsel. *(Fashion Page v Zurich Ins. Co.,* 50 NY2d 265.) Nor has defendant demonstrated an excusable default. *(Burks v Weiss,* 137 AD2d 646.)

However, we reverse the judgment and remand for a new inquest, as plaintiff failed to establish damages by acceptable proof. In this regard, hearsay testimony by the plaintiff as to the value of a comparable, new vehicle was insufficient, nor was any other proof of damages offered. *(Wine Antiques v St. Paul Fire & Mar. Ins. Co.,* 40 AD2d 657.) Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.