■ ELLENBOGEN & GOLDSTEIN, P. C., Respondent, v IRIS BRANDES, Appellant. [626 NYS2d 160] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about March 17, 1994, which, after a traverse hearing, granted plaintiff's motion to dismiss defendant's affirmative defense of lack of personal jurisdiction, unanimously affirmed, without costs.

Valid personal service under CPLR 308 (1) was made where plaintiff's process server left the summons and complaint outside defendant's apartment door, at her request, after she refused to open the door to accept the papers (*Bossuk v Steinberg*, 58 NY2d 916, 918). Concur—Rosenberger, J. P., Ross, Nardelli and Tom, JJ.

■ ENRIQUE SOTO, Appellant, v ABRAHAM A. ROSEN et al., Respondents and Third-Party Plaintiffs-Respondents. NORMAN MILLER ASSOCIATES, INC., et al., Third-Party Defendants-Respondents. [626 NYS2d 443] —Order, Supreme Court, New York County (Stephen Crane, J.), entered September 14, 1994, which, to the extent appealed from, denied the third-party defendants' motion to sever the third-party action, and order, same court and Justice, entered December 8, 1994, which denied plaintiff's motion to renew, unanimously affirmed, with one bill of costs.

Plaintiff has failed to demonstrate prejudice or that the limited discovery sought by the third-party defendants will unduly delay the damage trial or the balance of the action (CPLR 1010). Accordingly, the IAS Court did not improvidently exercise its discretion in denying the application to sever the third-party indemnity action (*see, Shanley v Callanan Indus.*, 54 NY2d 52, 57). Concur—Ross, J. P., Nardelli, Tom and Mazzarelli, JJ.