■ DOROTHY GENDELMAN, Respondent, v SAM PRESTI, Doing Business as SAM'S AUCTION SALE, Appellant. [632 NYS2d 295] —Spain, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered June 8, 1993 in Sullivan County, upon a decision of the court in favor of plaintiff.

Plaintiff contacted defendant, a buyer and seller of antiques and used goods, and invited him to come to her home because she was interested in selling some household items. She showed defendant through her home where pieces of antique furniture, pictures, dishes and other items were located. The personal property had been accumulated over the years by plaintiff and her late husband, who collected antiques. After a tour of the house a deal was struck and defendant, with the help of several men working for him, removed various items including antique furniture, glassware and bric-a-brac, for which defendant paid plaintiff $1,200. Before the day was over the parties got into a dispute over what items should have been removed and, although defendant returned some items to plaintiff, he eventually informed plaintiff that he considered the sale final and refused to return any more property.

Shortly thereafter, plaintiff commenced this action seeking, *inter alia*, the recovery of all personal property removed from her home. The matter was set down for trial in Supreme Court but neither defendant nor his attorney appeared. Plaintiff obtained a default judgment which, *inter alia*, directed defendant to return all of the items to plaintiff and, in turn, plaintiff was directed to refund the full amount paid; at that point in time, however, defendant had sold or otherwise disposed of the property.

In October 1991 plaintiff moved, by order to show cause, for a judgment fixing the amount of damages and the court scheduled an inquest. At the hearing plaintiff, who did not testify, presented the testimony of her son-in-law, Bill Campbell, who testified regarding the identity and description of the personal property removed by defendant; plaintiff also called a local antique dealer as an expert witness regarding the value of said items. Defendant testified that the items were not of the quality alleged by Campbell and his testimony was supported by two employees, one who helped remove the items

from plaintiff's residence and the other who testified as an expert regarding value. Supreme Court found that plaintiff's expert established to its satisfaction the value of the items at issue and granted judgment against defendant in the sum of $10,437.50 plus interest. Defendant appeals.

Defendant's assertion that Campbell's testimony should not have been admitted and relied upon is without merit. Despite Campbell's testimony about conversations with plaintiff's deceased husband regarding the authenticity of some of the items, the bulk of his testimony showed that he was sufficiently familiar with the items to impart enough information to plaintiff's expert to enable her to make a sound appraisal. While defendant correctly argues that hearsay testimony is insufficient, in and of itself, to establish the value of the items in question (*see, Premium Channels Publ. Co. v Rolls-Royce Motors*, 172 AD2d 160, 161; *see also, Hyde Park Prods. Corp. v Maximilian Lerner Corp.*, 65 NY2d 316, 323), it is significant that Supreme Court found that Campbell's testimony was offered "solely for the purpose of identifying and describing the said items to [plaintiff's expert] so that she might make a fair appraisal of the items".

Campbell testified that he was well acquainted with the items in plaintiff's home from his close relationship with plaintiff and her deceased husband, having visited them regularly; that he would frequently go antiquing with plaintiff's husband; that he was present when most of the items were purchased; and that he had opportunities to handle and closely observe the items. Campbell further testified that he helped compile a list of the missing items from his memory and his recollection; that based on his recollection, none of the items in question were scratched or chipped; and that they were in very good shape, polished and cared for. While there are weaknesses in Campbell's testimony with respect to authenticity and his memory regarding certain items at the time of inquest, these weaknesses were issues of credibility for the court to determine.

We conclude that, given Campbell's testimony with respect to his familiarity with the items, there is sufficient evidence in the record to support Supreme Court's reliance on Campbell's testimony over that of the witnesses for the defense. "[I]n a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered evidence was most credible are matters committed to the trial court's sound discretion" (*Matter of Adirondack Hydro Dev. Corp.*, 205 AD2d 925, 926; *see, Matter of City of Albany*, 199 AD2d 746, 748-749); deference must be given to the findings of the court which was

in a better position to assess the quality of the evidence and the credibility of the witnesses (*see, Newland v State of New York*, 205 AD2d 1015, 1016; *Niles v State of New York*, 201 AD2d 774, 776).

The contention by defendant that Supreme Court erred in admitting and relying on the testimony of plaintiff's expert is also without merit. Although she based her valuation on Campbell's descriptions, not having personally seen the items at issue, she testified that such methodology, while not ideal, was an acceptable means of appraising property. Her testimony reveals that she did not merely accept Campbell's description but questioned him and used her experience to determine if his descriptions were sufficient. Finally, to the extent that defendant's witnesses contradicted plaintiff's expert, such discrepancies are matters of credibility (*see, Newland v State of New York, supra*, at 1016).

We reject defendant's contention that Supreme Court should have drawn a negative inference from plaintiff's failure to testify at the trial. The record reflects that this issue was not raised at the trial and is, therefore, not properly before this Court. In any event, under the circumstances of this case, a negative inference would not have been warranted because plaintiff's testimony would have been cumulative to that of Campbell (*see, Lipp v Saks*, 129 AD2d 681, 683-684) and especially since plaintiff, who was present during the entire trial and who testified at an examination before trial, could have been called as a witness by defendant.

Finally, there is no basis in the record for Supreme Court's determination that damages amounted to $10,437.50 plus interest. Plaintiff's expert testified that her total appraisal of the items in question was $9,865. Accordingly, plaintiff's recovery is hereby reduced to $9,865 less the $1,200 credited to the defendant in the default judgment, or the sum of $8,665 plus interest from August 7, 1990.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reducing the amount of the judgment to $8,665 plus interest, and, as so modified, affirmed.