■ CALLANAN INDUSTRIES, INC., Appellant, v OLYMPIAN DEVELOPMENT, LTD., Respondent. [639 NYS2d 185] —Spain, J.■

In June 1984 the parties executed a contract wherein plaintiff agreed to perform paving work and supply materials to defendant* for the sum of $30,000, in connection with defendant's project known as Olympian Acres. The contract provided that, weather permitting, plaintiff would commence work during the first week of August 1984; however, the work was not undertaken by plaintiff until November 1984. Plaintiff alleges that defendant requested a delay in its performance of the work and that inclement weather, the soft undergrade and defendant's failure to properly lay the gravel and store base were also contributing factors in the delay; although plaintiff

---

* After opening a default judgment based on the claim by Olympian Development, Ltd. that it was not a party to the contract, and after the presentation of proof, Supreme Court granted plaintiff's motion to amend the pleadings and to substitute Kontogiannis Developers, Ltd. in place of Olympian Development, Ltd. as party defendant. Accordingly, all future references to defendent, unless otherwise indicated, are to Kontogiannis Developers, Ltd.

performed a portion of the work, it never completed the project. Plaintiff billed defendant for the base contract price ($30,000) plus additions for necessary extra work and materials, less credit for a top course of asphalt which was never placed, for a total amount of $26,940; although plaintiff subsequently submitted a proposal outlining the cost of the work necessary to complete the project, defendant hired another contractor to complete the project at a cost of $23,000. Defendant failed to pay any part of the amount stated in plaintiff's bill.

Plaintiff commenced this action alleging, *inter alia*, a breach of contract and requesting a judgment for the reasonable value of the work and materials provided. Defendant, after vacatur of a default judgment, entered a general denial and counterclaimed alleging a breach of contract based upon plaintiff's negligent performance with respect to the work done and its failure to complete the project. Following a nonjury trial, Supreme Court concluded, *inter alia*, that plaintiff failed to prove that its failure to do the contract work was due to any fault of defendant; further, Supreme Court also determined that although plaintiff had neither completed nor substantially complied with the contract, defendant failed to prove that it suffered any damages as a result of the breach. Accordingly, Supreme Court dismissed plaintiff's cause of action on the contract and defendant's counterclaim for damages. Plaintiff appeals.

We affirm. Although it is well settled that our inquiry upon the appeal of a case tried without a jury includes "the power to weigh conflicting testimony and inferences and [to] grant the judgment which upon the evidence should have been granted by the trial court" (*Chopp v Welbourne & Purdy Agency*, 135 AD2d 958, 959; *see, Arnold v State of New York*, 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723), we will give deference to Supreme Court's assessment of the quality of the evidence and the credibility of the witnesses (*see, Gendelman v Presti*, 220 AD2d 820, 821-822; *J & J Structures v Callanan Indus.*, 215 AD2d 890, 891, *lv denied* 86 NY2d 708; *Hoover v Durkee*, 212 AD2d 839, 841). At trial, plaintiff called Neal Galvin, plaintiff's president, and Arthur Kontogiannis, defendant's president, to testify. Galvin testified that plaintiff's delay in returning to complete the work was requested by defendant's attorney who had an agency relationship with defendant and, therefore, the attorney's requests and representations to plaintiff were binding upon defendant; Kontogiannis denied that the attorney was the corporation's agent.

Plaintiff's argument that defendant's attorney was defendent's agent is grounded in the theory that the attorney's conduct gave rise to such a reasonable belief. In order to establish that an agency relationship exists by virtue of the attorney's conduct, plaintiff had the burden of showing that such conduct was communicated to plaintiff and that a reasonable basis existed for plaintiff to believe that an agency relationship had been created which authorized the attorney to enter into the transaction (i.e., to tell plaintiff to delay its return to complete the work) (*see, Standard Bldrs. Supplies v Gush*, 206 AD2d 720, 721; *Meade v Finger Lakes-Seneca Coop. Ins. Co.*, 184 AD2d 952, 953; *Hoysradt v Nilles Ford-Mercury*, 168 AD2d 824, 825). In our review of the record we find support for Supreme Court's rejection of plaintiff's agency argument. Accordingly, we will not disturb Supreme Court's conclusion that plaintiff breached the contract and that "[p]laintiff failed to prove by a preponderance of the believable evidence that its failure to complete the contract work was due to any fault of the defendant".

Mikoll, J. P., White and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.