■ HOWARD OSTERHOUT, Doing Business as HOWARD OSTERHOUT EXCAVATING, Respondent, v MESIVTA SANZ OF HUDSON

---

COUNTY et al., Appellants. [640 NYS2d 363] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Williams, J.), entered December 21, 1994 in Sullivan County, upon a decision of the court in favor of plaintiff.

Plaintiff sued for work performed for defendants at Camp Mesivta Sanz in the Town of Woodbourne, Sullivan County. The original agreement involved clearing two lots of trees and underbrush, building a driveway and putting in a drainage pipe under the driveway for an agreed price of $6,000. Plaintiff was then asked to do additional work which included excavating for the construction of additions to three bungalows and a synagogue, construction of a second driveway and a parking lot. Defendants paid $6,000 for the agreed contract and $10,000 for the extra work.

Plaintiff sought $12,897 in damages based on two causes of action: (1) that he performed certain work at defendants' request totaling $28,897 of which $12,897 was outstanding, and (2) for an account stated. Following a nonjury trial, Supreme Court adopted plaintiff's findings of fact and entered judgment in favor of plaintiff in the sum of $10,649 plus interest, costs and disbursements. Defendants appeal.

Defendants challenge the judgment on the ground that (1) plaintiff's demand on defendants contained computation errors, (2) plaintiff has exaggerated the amount of work done, (3) plaintiff unnecessarily used shale for building the second road thus increasing its cost, (4) the work charged for was part of the original contract, and (5) the additional work had an agreed-upon price.

We conclude that a fair review of the evidence supports Supreme Court's finding that the work on the original contract was satisfactorily done, that the work for clearing and building the second road was ordered additionally and did not have an agreed-upon price and that the amount awarded plaintiff for that work is sustainable on the basis of evidence presented by plaintiff. It was within Supreme Court's discretion, after hearing the witnesses, to resolve all questions of credibility which it did in plaintiff's favor (see, Barclays Bank v Heady Elec. Co., 212 AD2d 749). In exercising our broad review powers, we decline to set aside Supreme Court's decision. A trial court's findings are not to be lightly set aside unless its conclusions could not have been reached based upon any fair interpretation of the evidence (see, Matter of Ingargiola, 212 AD2d 789, 790).

The record disclosed that the second road, part of the extra work ordered, was much more difficult to build than the first

road. It needed considerably more shale due to muddy conditions and the necessity of removing large rocks from the area also increased the cost of constructing the road. As to the computation errors made by plaintiff, some of these favored defendants but, in any event, they were duly noted by Supreme Court and the verdict was adjusted appropriately.

Crew III, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.