■ MICHAEL J. PATANE, Doing Business as PATANE'S CHRISTOPHER GARDENS, Respondent, v ROBERT ROMEO, Appellant. [652 NYS2d 142] —White, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered July 28, 1995 in Madison County, upon a decision of the court in favor of plaintiff.

On this appeal, defendant challenges Supreme Court's determination that it acquired jurisdiction over him and its finding, following a bench trial, that the parties had entered into a contract for the performance of landscaping services by plaintiff at the property where defendant was constructing a new home. We shall first consider the jurisdictional issue.

The record reveals that on February 15, 1989, a process server known to defendant, an attorney, went to defendant's residence. When defendant came to the door, he did not open the storm door even though he recognized the process server. After she told him that she had papers for him from plaintiff, defendant did not respond; instead he turned and walked away. At this point, the process server taped the summons to the door. Inasmuch as defendant was obviously resisting service, we concur with Supreme Court that valid personal service under CPLR 308 (1) was effected upon defendant by leaving the summons taped to his door (*see, Bossuk v Steinberg*, 58 NY2d 916, 918; *Ellenbogen & Goldstein v Brandes*, 215 AD2d 226; *Lefton v Freedman*, 163 AD2d 360, 362, *appeal dismissed* 76 NY2d 936). Further, defendant's argument regarding plaintiff's filing of the incorrect proof of service is misplaced since such filing was not required when this action was commenced or thereafter (*see*, L 1992, ch 216, § 27).

Turning to the substantive issues, the crux of defendant's argument is that Supreme Court's finding that there was a contract between plaintiff and him is erroneous because the record is devoid of evidence proving the essential elements of a contract. In assessing this argument, we note that, while our scope of review is as broad as that of the trial court, we accord great deference to its evaluation of the witnesses' credibility and the weight of the evidence given its advantage of hearing the witnesses and assessing their demeanor (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499).

The evidence that Supreme Court found credible shows that in the fall of 1984 plaintiff and defendant met at defendant's residence where they discussed certain landscaping needs of defendant. Shortly thereafter, at a second meeting, plaintiff presented a drawing depicting the location and types of flowers and shrubs he proposed to plant. He also quoted defendant a price of $15,000, but agreed to accept $10,000 if he received full payment upon completion of the job. Plaintiff then proceeded with the project which entailed setting out the plants and awaiting defendant's final approval before completing the actual planting. There was also evidence that the par-

ties made several modifications which did not affect the cost of the project except for the construction of a second retaining wall that resulted in an additional cost for labor. At the completion of the project, plaintiff submitted two bills to defendant, one for $7,151.50 and another for $2,265 plus tax of $108.83. It is undisputed that plaintiff only received $5,000 in payment of these bills.

Our independent review discloses that there is nothing in the record to dissuade us from accepting Supreme Court's determination that plaintiff's testimony was more credible than defendant's. Accordingly, since a fair interpretation of the credible evidence shows that there was a manifestation of mutual assent to the essential terms of a contract, we shall not disturb Supreme Court's finding (*see, Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483, *cert denied* 498 US 816; *Osterhout v Mesivta Sanz of Hudson County*, 226 AD2d 893, 894; *Nico Constr. Co. v Dorn*, 214 AD2d 355, 356).

Defendant's objections to Supreme Court's evidentiary rulings require little discussion except to note that Supreme Court did not abuse its discretion in permitting plaintiff's limited rebuttal testimony and that it properly limited defendant's defense in accordance with a preclusion order.

Turning to the issue of damages, our calculations show that plaintiff is entitled to a judgment in the sum of $7,663.85 plus interest from November 16, 1984, which must be calculated at the statutory simple annual rate (*see, Kaufman v Le Curt Constr. Corp.*, 196 AD2d 577, 579).

We have considered defendant's remaining contentions and find them unpersuasive or unpreserved for our review.

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by amending the amount of judgment to $7,663.85 plus interest from November 16, 1984 at the statutory rate, and, as so modified, affirmed.