■ MARVIN I. HONIG et al., Respondents, v DAVID COHEN's LEKTRO KLEEN, Inc., Appellant. [660 NYS2d 1021] —Mikoll, J. P.

Appeal from a judgment of the Supreme Court (Dwyer, Jr., J.H.O.), entered June 5, 1996 in Rensselaer County, upon a decision of the court in favor of plaintiffs.

Plaintiffs and defendant orally agreed that defendant would manufacture a custom trapezoidal foyer rug and a custom free form living room rug for use in plaintiffs' home from materials furnished by plaintiffs. The shape of the living room rug was to be made to fit the curves of plaintiffs' crescent-shaped sectional sofa. Defendant's employees took measurements at plaintiffs' home, instructed plaintiffs how much carpeting to order and created an initial template from which the living room rug was finally fabricated. When the fabricated rug was delivered to plaintiffs' home, they complained that the curved arc of the rug did not fit the curve of the sofa. Subsequently, defendant took the rug and made a second template to plaintiffs' specifications. However, defendant claimed that additional materials would be needed to fabricate the rug in accordance with the second template and never fabricated a new rug or returned the original.

Plaintiffs commenced the instant action for breach of contract and conversion to recover the cost of the materials they furnished to defendant. Defendant counterclaimed for labor and storage expenses. At a bench trial before Supreme Court, the testimony presented by the parties was in sharp conflict concerning the degree of plaintiffs' participation in the design of the first template, whether plaintiffs approved the first template before it was fabricated, whether the fabricated rug fit the curve of the furniture and whether defendant agreed to correct the fabrication mistakes by creating a second template. During the trial the court visited plaintiffs' home and compared the respective curves of the rug and the sofa. David Cohen, president of defendant, and two of its employees testified.

At the close of all the evidence, Supreme Court credited the evidence presented by plaintiffs and found that the rug curves did not match the specifications of the agreement. Concluding that defendant erred in fabricating the rug and acknowledged its error but failed to make the agreed corrections, the court then found in favor of plaintiffs on the complaint and on defendant's counterclaim. Defendant appeals.

The judgment of Supreme Court should be affirmed. Defendant's argument that the court's factual findings are not supported by the record is without merit. There was sufficient evidence to support the court's findings and conclusions. As Supreme Court heard and observed the testimony of the witnesses firsthand, it could properly credit plaintiffs' version of

what occurred and conclude that defendant agreed to correct the defectively manufactured rug (*see, Callanan Indus. v Olympian Dev.*, 225 AD2d 941, 942-943; *Carter v State of New York*, 194 AD2d 967; *Kellogg v Kellogg*, 185 AD2d 426, 427).

We have reviewed defendant's remaining claims of error and find them to be without merit.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.