■ WASHINGTON 1993, INC., Appellant, v MICHAEL RELES et al., Respondents, et al., Defendant. [680 NYS2d 713] —Graffeo, J. Appeal from an order and judgment of the Supreme Court (Conway, J.H.O.), entered June 5, 1997 in Albany County, upon a decision of the court in favor of defendants Michael Reles and Equity Homes of Albany, Inc.

Plaintiff, the owner of a commercial building, alleges that defendant Michael Reles, the vice-president of a real estate management firm, Kent & Haroldson Associates Inc., improperly converted and misappropriated $22,617.51 in insurance proceeds used to pay defendant Equity Homes of Albany, Inc. for water damage repairs to plaintiff's building.

In 1994 plaintiff purchased the property known as 178-180 Washington Avenue in the City of Albany, and thereafter contracted with Kent through its sole shareholder, Paul Hudson, to manage the apartment building. Hudson personally guaranteed Kent's management performance. Due to Kent's failure to deposit certain moneys owed plaintiff, the management arrangement was modified with the execution of a settlement-lease agreement in November 1994. Pursuant to the terms of the management agreement, Kent was entitled to retain all revenues from the property but was required to transfer rental payments to plaintiff each month. Kent was also responsible for procuring property and casualty insurance, with plaintiff and Kent named as coinsureds. Commercial insurance coverage was obtained by Kent from defendant Peerless Insurance Company, which listed plaintiff as the insured, in care of Kent, at Kent's business address. On January 5, 1995 the property sustained water damage resulting in the displacement of some tenants, and thereafter Kent submitted a claim for coverage. Equity, with Hudson as sole shareholder, was retained by Kent to perform the repairs. Peerless issued a

check on February 17, 1995 for $22,617.51 to plaintiff at Kent's business address and Reles executed the draft and assigned the proceeds to Equity as payment for the repair work.* The day after Peerless sent the claim check, Kent and Hudson filed for bankruptcy.

After seven days of testimony in a nonjury trial, Supreme Court determined that the contractual agency arrangement permitted Kent to pursue the insurance claim on behalf of plaintiff and that Reles acted within his authority for Kent when he assigned those proceeds to Equity as payment for work performed. Accordingly, the complaint was dismissed and plaintiff appeals.

Upon our review of the record and according great deference to Supreme Court's assessment of the witnesses' credibility and demeanor and its determination of weight given to the evidence (see, Patane v Romeo, 235 AD2d 649, 650, lv denied 89 NY2d 813; Callanan Indus. v Olympian Dev., 225 AD2d 941, 942), we find no reason to disturb the court's findings, which are supported by a fair interpretation of the credible evidence (see, Silverman v Mergentime Corp., 252 AD2d 925; Osterhout v Mesivta Sanz, 226 AD2d 893, 894). From the testimony and evidence presented, we concur with Supreme Court's determination that the contracts expressed plaintiff's intention that Kent act as the exclusive agent responsible for the management and maintenance of the apartment building. This authority included Kent's responsibility for undertaking repairs or alterations. Additionally, pursuant to the terms of the settlement-lease agreement, the building was to be maintained at Kent's expense and it was obligated to pay "any and all charges and expense arising out of the use or ownership of the premise except a capital cost". While Kent's interest in insurance proceeds was restricted to the extent of reimbursement for repairs, the agreements did not require that reimbursement was solely to be derived from plaintiff rather than from the insurer directly. In fact, the agreements manifested plaintiff's intent to assign Kent a present right in the insurance proceeds (see, Leon v Martinez, 84 NY2d 83, 88; Whalen v Gerzof, 206 AD2d 688, 690, lv denied 84 NY2d 809).

Based on the credible testimony of two insurance adjusters who valued the necessary repairs during the claims settlement process, and despite the disputed bankruptcy claims, we do not find evidence sufficient to overturn Supreme Court's assessment that the payment made by the insurance carrier was due

---

* During trial, the claims brought against Peerless for breach of contract and breach of fiduciary duty were settled.

and owed to Equity for repairs, or proof to support a finding of deception or fraud on the part of defendants. Pursuant to the written agreements between plaintiff and Kent and their past practices, and in the absence of proof of fraud or intent to deceive, Reles operated within his authority as plaintiff's managing agent when he submitted the damage claim to Peerless, ordered the repairs and paid Equity for work it performed from the insurance proceeds.

We have considered the remainder of plaintiff's contentions and find them to be without merit.

Mercure, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, without costs.