■ WASHINGTON 1993, INC., Respondent-Appellant, v MICHAEL RELES, Defendant and Third-Party Plaintiff, and EQUITY HOMES OF ALBANY, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. RICHARD CORVETTI et al., Third-Party Defendants-Respondents-Appellants. [680 NYS2d 715] —Graffeo, J. (1) Appeal from an order of the Supreme Court (Harris, J.), entered May 20, 1997 in Albany County, which, *inter alia*, granted a cross motion by plaintiff and third-party defendants to dismiss the third-party complaint and counterclaim by defendant Equity Homes of Albany, Inc., (2) cross appeals from the judgment entered thereon, (3) appeal from an order of said court, entered September 30, 1997 in Albany County, which denied a motion by defendant Equity Homes of Albany, Inc. for reconsideration, and (4) appeal from the supplemental judgment of said court, entered March 10, 1998 in Albany County, which awarded plaintiff counsel fees pursuant to Lien Law § 39-a.

Plaintiff, the owner of an apartment building in the City of

Albany, entered into a contract with Kent & Haroldson Associates, Inc. to manage the building. Pursuant to the agreement, Kent was entitled to retain all revenues from the property provided that rental payments were made to plaintiff each month. On January 5, 1995 the property sustained water damage. Kent hired defendant Equity Homes of Albany, Inc. to perform repair work on plaintiff's property and work was completed in June 1995. Equity was partially paid and in September 1995 it filed a mechanic's lien, amended in October 1995, in the amount of $4,201.30, which allegedly constituted the balance remaining.*

Plaintiff commenced this action alleging that rents from March 1995 were collected and wrongfully retained by defendant Michael Reles and/or Equity as plaintiff's fiduciary and that a constructive trust should be imposed thereon. Plaintiff also argued that Equity's mechanic's lien was willfully exaggerated and invalid. Equity counterclaimed to enforce the mechanic's lien. Thereafter, Reles and Equity served a third-party complaint against Richard Corvetti and Diane Corvetti, the officers and directors of plaintiff corporation, alleging that plaintiff's realty was transferred for less than fair value and that the Corvettis improperly retained the proceeds from the sale, wasted plaintiff's assets and intended to defraud plaintiff's creditors, including Reles and Equity.

Pursuant to CPLR 3126, Equity moved to dismiss plaintiff's complaint based on its failure to comply with discovery demands. Plaintiff and the Corvettis cross-moved to dismiss the third-party complaint, Equity's counterclaim and mechanic's lien, and for leave for plaintiff to amend its complaint. Supreme Court dismissed the third-party complaint and Equity's counterclaim, granted plaintiff permission to amend its complaint, dismissed the mechanic's lien, ordered damages against Equity for willful exaggeration of its mechanic's lien and denied Equity's motion. Equity's motion for reconsideration was denied by Supreme Court and, thereafter, plaintiff was awarded supplemental judgment against Equity for counsel fees incurred in securing the discharge of the mechanic's lien pursuant to Lien Law § 39-a in the amount of $4,244. Equity appeals.

---

* Peerless Insurance Company had issued a commercial insurance policy covering the property and as a result of the water damage claim, the insurer issued a check in the amount of $22,617.51. Kent assigned the check to Equity for payment for the repair work at plaintiff's building. Whether this money was properly assigned to Equity is the subject of a separate proceeding before this Court (*see, Washington 1993 v Reles*, 255 AD2d 741 [decided herewith]).

Equity argues that its mechanic's lien was not willfully exaggerated since it was filed prior to plaintiff's posting of a bond. Plaintiff contends that at the time of the filing of the mechanic's lien, the exact amount claimed in the lien had previously been withheld from rental payments. Although Equity acknowledged that Kent deducted $4,201.30 from its March 1995 rent payment to plaintiff, the record contains insufficient proof that these moneys were actually paid to Equity. Therefore, whether Equity deliberately and intentionally exaggerated the lien amount (*see, Barden & Robeson Corp. v Czyz*, 245 AD2d 599; *cf., Schoenborn v Kauffman*, 220 AD2d 966) is a question of fact to be resolved at trial (*cf., Wolff & Munier v South Ferry Bldg. Co.*, 52 AD2d 786). However, the mechanic's lien was properly dismissed by Supreme Court since the lien was discharged when plaintiff filed a bond in excess of the amount of the claim (*see*, Lien Law § 19).

With respect to the dismissal of Equity's third-party complaint alleging that the Corvettis improperly transferred plaintiff's property pursuant to Debtor and Creditor Law § 273, we affirm Supreme Court. Once plaintiff obtained a bond to discharge the mechanic's lien, the debt no longer existed for the purposes of Debtor and Creditor Law § 273. Additionally, Equity's allegations with respect to insolvency, fraud and lack of fair consideration are unsubstantiated and conclusory. There is no evidence in the record sufficient to pierce plaintiff's corporate veil, and therefore, the Corvettis are not liable for plaintiff's alleged corporate debts (*see, Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135).

We have considered the remainder of the parties' respective contentions and find them to be without merit.

Mercure, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the orders, judgment and supplemental judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to award damages for willful exaggeration and awarded plaintiff counsel fees therefor, and, as so modified, affirmed.