■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EVANS, Appellant. [684 NYS2d 648] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 11, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was indicted and charged with murder in the second degree for the murder of Betty Gardner. At trial, Theodore Sabot, a board-certified psychiatrist, rendered his opinion that at the time of the offense defendant acted under extreme emotional disturbance. Following trial, defendant was convicted as charged and sentenced to an indeterminate term of imprisonment of nine years to life.

On this appeal, defendant first contends that he was denied effective assistance of counsel by reason of counsel's failure to inquire of Sabot as to whether he had ever been convicted of a crime. The record reflects that in pursuit of the defense of extreme emotional disturbance, defendant's attorney, an Assistant Public Defender with 22 years of trial experience, contacted a defense attorney of some conceded renown for the recommendation of a forensic expert. The attorney recommended Sabot, who thereafter was retained by counsel. Sabot's curriculum vitae reflected that he had been a practicing psychiatrist since 1966, that he was board certified and licensed to practice psychiatry in this State, that he had a clinical practice in the City of Albany, that he was an assistant professor of psychiatry at Albany Medical College and was a member of the American Academy of Psychiatry in the Law and that he had published numerous scholarly articles in the field of psychiatry. What the curriculum vitae did not reveal, and what Sabot himself did not reveal to counsel, was that he had been convicted of insurance fraud in California in 1985 and served 2½ years in prison as a consequence. Additionally, his license to practice medicine in this State had been revoked as a result of his conviction but was fully restored in 1990. The record further reflects that the People were aware of said conviction, did not disclose the information to defense counsel and utilized the same upon cross-examination of Sabot.

We reject defendant's assertion that counsel's failure to inquire of Sabot as to his prior criminal background constituted ineffective assistance of counsel. It stands to reason that

in order to find ineffective assistance of counsel, it must appear that counsel either did something that a prudent and competent attorney would not have done or failed to do something that a prudent and competent attorney would have done in the same circumstances. We are of the opinion that it would be wholly unreasonable to expect that a prudent and competent attorney would inquire concerning the criminal history of a psychiatric expert referred by a prominent colleague when presented with the credentials revealed in the curriculum vitae here. Indeed, as defendant's appellate counsel observed in the brief on appeal, "[i]t must be said that an attorney obtaining a doctor to testify for a defendant in a criminal proceeding would more than likely never inquire of the doctor whether he had a skeleton in his closet but would rely on the curriculum vitae provided".

We likewise reject defendant's assertion that he was denied a fair trial by reason of the People's failure to disclose Sabot's prior criminal history. There is no basis in either the CPL or the common law to justify defendant's assertion. To the contrary, the People are obligated to provide such information only where it relates to witnesses they intend to call at trial (*see*, CPL 240.45 [1] [b]; *People v Rosario*, 9 NY2d 286). And, of course, because the information complained of is unquestionably not *Brady* material (*see*, *Brady v Maryland*, 373 US 83), the People were under no constitutional obligation to provide the same. We have considered defendant's remaining contention and find it equally unpersuasive.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.