■ JOHN J. SAVIO, Appellant, v STATE OF NEW YORK, Respondent. [703 NYS2d 548] —Cardona, P. J. Appeal from a judg-

ment of the Court of Claims (Bell, J.), entered August 13, 1998, upon a decision of the court in favor of the State.

Claimant, an inmate at Great Meadow Correctional Facility in Washington County, was injured while operating a soap press in the facility's soap factory. In accordance with a direction to stop the press, claimant lifted the safety box and pressed the stop button. He proceeded to clear pieces of soap on the processing line away from an electric eye which activated a stamp inside the machine that pressed separate pieces of soap together. He then walked to the back of the machine to clean a die press which had accumulated a build-up of soap. While claimant had his hand inside the machine cleaning the die press, the stamp lowered and severed the tip of his right index finger.

Claimant commenced this negligence action asserting that the State failed to properly train and/or supervise him in the operation of the soap press and, furthermore, that the circumstances of the accident permitted the inference of negligence under the doctrine of res ipsa loquitur. Following a nonjury trial, the Court of Claims dismissed the claim resulting in this appeal.

Initially, we note that while an appellate court has broad powers of review in a nonjury case, deference is to be accorded the trial court's assessment of witness credibility and the weight to be given to the evidence (*see, Washington 1993 v Reles*, 255 AD2d 741, 742; *Callanan Indus. v Olympian Dev.*, 225 AD2d 941, 942). "Additionally, we note that '[a] trial court's findings are not to be lightly set aside unless its conclusions could not have been reached based upon any fair interpretation of the evidence' " (*Silverman v Mergentime Corp./J.F. White, Inc.*, 252 AD2d 925, 926, quoting *Osterhout v Mesivta Sanz*, 226 AD2d 893, 894).

We first examine claimant's argument that the Court of Claims erred in not finding that the elements of res ipsa loquitur had been established. That doctrine permits the inference of "negligence merely from the happening of an event and the defendant's relation to it" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494). The claimant must show that "(1) the event does not usually occur in the absence of negligence, (2) the instrumentality that caused the event was within the exclusive control of the defendant, and (3) the [claimant] did not contribute to the cause of the accident" (*Smith v Moore*, 227 AD2d 854, 855; *see, DeSimone v Inserra Supermarkets*, 207 AD2d 615, 616).

Here, claimant testified that, before using the soap press, he

received training from James Yattaw, the industrial training supervisor, for approximately 1½ hours. He stated that he operated the press for three days prior to the accident during which time he stopped it several times to clean the dies without incident. He indicated that the procedure he followed to cause the machine to cease operation was to lift the safety box and hit the stop button. He would then remove remnants of soap on the processing line away from the electronic eye and clean the dies by inserting his hand inside the machine while moving a toothbrush underneath them. He testified that when cleaning the dies on the date of the accident, the stamp inexplicably lowered and severed the tip of his right index finger. He indicated that, immediately after the accident, he suspected that another inmate had tampered with the electronic eye.

Although Yattaw was present in the soap shop along with other inmates, there were no eyewitnesses to the accident. Yattaw testified that he instructed claimant that the proper way to clean the dies was to stop the machine, use a handwheel to rotate the dies until they were exposed and clean the dies with a toothbrush. He indicated that the machine could be stopped by either lifting the safety box or pressing the stop button. He stated, however, that he observed the safety box in the down position following the accident.

Considering all of the testimony and giving deference to the Court of Claims' findings, we find no reason to disturb the judgment herein. There is ample support in this record that other inmates had access to the soap press prior to the accident and claimant may have been negligent in the manner in which he cleaned the dies, thereby negating the second and third elements necessary to satisfy the doctrine of res ipsa loquitur.

In addition, the record supports the Court of Claims' determination that there were no deficiencies in the manner in which Yattaw supervised the line at the time of the accident or in the training he provided to claimant in the operation of the press. We have considered claimant's remaining arguments and find them to be without merit.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.