■ MICHAEL J. PRONTI, Doing Business as BEST CONSTRUCTION COMPANY and BEST HOME REPAIR SERVICE, Appellant, v ROBERT G. SMUTZINGER et al., Respondents. [825 NYS2d 577]— Lahtinen, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered May 10, 2006 in Chemung County, which denied plaintiff's motion for summary judgment.

Defendant Robert G. Smutzinger, who was 80 years old, and his wife, entered into a contract with plaintiff to have their roof repaired at a cost of $1,860. Plaintiff contends that he retained an independent contractor who completed the project in a professional fashion and defendants have not paid him any of the agreed upon amount. Defendants assert, among other

things, that the work was not done correctly, plaintiff and his workers walked off the job when told of Smutzinger's dissatisfaction, and defendants expended $1,958 to have another contractor repair the faulty work and complete the job. Plaintiff commenced this action for, among other things, breach of contract. In a prior motion, Supreme Court ruled that plaintiff's contract failed to comply with various provisions of General Business Law § 771 and, thus, that any recovery would be under quantum meruit. Plaintiff subsequently made a motion for summary judgment, which Supreme Court denied. Plaintiff appeals.

We agree with Supreme Court that, under the remaining theory of quantum meruit, there are several factual issues, including the quality and value of plaintiff's work. The contractual language upon which plaintiff purports to rely is no longer relevant in light of Supreme Court's prior order (cf. *Hausen v Academy Print. & Specialty Co.*, 34 AD2d 792, 792 [1970]) and, in any event, such language is not dispositive under the facts of this case. Plaintiff's motion was properly denied (*see generally Moran v Technical Bldg. Servs.*, 258 AD2d 697, 698 [1999]). The remaining arguments have been considered and found meritless.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.