■ Michael J. Pronti, Doing Business as Best Construction Company and Best Home Repair Service, Appellant, v Robert G. Smutzinger et al., Respondents. [861 NYS2d 148]— Lahtinen, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered October 15, 2007 in Chemung County, upon a decision of the court in favor of defendants.

The underlying facts are set forth in our decision in a prior appeal (35 AD3d 944 [2006]). Briefly stated, plaintiff commenced an action contending that he was owed $1,860 for a roof repair job he undertook in 2002 for defendants. Defendants asserted that the work was defective and incomplete, resulting in a cost

to them of nearly $2,000 to correct and complete the project. Following a nonjury trial, Supreme Court rendered a thorough written decision dismissing both plaintiff's complaint and defendants' counterclaims. Plaintiff appeals.

"[W]hile we possess broad review power in a nonjury trial, we do give deference to the trial court's 'assessment of the quality of the evidence and the credibility of the witnesses' " (*Silverman v Mergentime Corp./J.F. White, Inc.*, 252 AD2d 925, 926 [1998], quoting *Callanan Indus. v Olympian Dev.*, 225 AD2d 941, 942 [1996]; *see Precision Founds. v Ives*, 4 AD3d 589, 593 [2004]). Here, there was conflicting testimony regarding the germane events and, upon review of the record, we discern no reason to depart from the findings of Supreme Court.

We find unpersuasive plaintiff's contention that it was reversible error not to receive into evidence the void contract and consider the amount set forth therein on the issue of reasonable value for services under the quantum meruit rubric. While such proof may be considered (*see Frank v Feiss*, 266 AD2d 825, 826 [1999]), Supreme Court was aware of the terms in the void contract since plaintiff had been permitted to testify about those terms. Its decision not to accept those terms was within its province in this nonjury trial.

Supreme Court acted well within its discretion in denying plaintiff's motion (made shortly before the scheduled trial date) to amend his complaint to add a cause of action for fraud, which was of dubious merit and unsupported by an acceptable excuse for not pursuing it earlier (*see Moon v Clear Channel Communications*, 307 AD2d 628, 629-630 [2003]; *Kalivia Food Corp. v Hunts Point Coop. Mkt.*, 244 AD2d 460, 461 [1997]). The remaining arguments have been considered and found meritless.

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.